N. BYERLY
80598 IMSI
13400 Pleasant Valley Rd,
Kuna Idaho 83634
Plaintiff pro se

Case No: _____  Inmate Name: NATHAN BYERLY
Date: 06 JUNE 2019  Inmate IDOC#: 80598
Document Title: PRISONER COMPLAINT and PRISONER APPLICATION TO PROCEED IN FORMA PAUPERIS
Total Pages: 20  Inmate Initials Verifying Page Count: NB
Document(s): (Prisoner Complaint 20 pgs.)

# UNITED STATES DISTRICT COURT
# OF THE DISTRICT OF IDAHO

NATHAN BYERLY,
    Plaintiff,
v.

STATE OF IDAHO,
IDAHO BOARD OF CORRECTION,
IDAHO DEPARTMENT OF CORRECTION,
DIRECTOR HENRY ATENCIO,
WARDEN CHRISTENSEN,
    Defendants.

Case No. 1:19-cv-228-BLW

PRISONER COMPLAINT

Jury Trial Requested if ADR ineffective

## A. JURISDICTION

United States Court of the District of Idaho has jurisdiction under:
UNITED NATIONS DECLARATION OF HUMAN RIGHTS,
United States Constitution, 42 U.S.C. 1983, 1984, diversity of citizen,
Monell v. DSS New York, 436 U.S. 658, 694 (1978) and federal statute and
law on local governmental liability entity

## B. PLAINTIFF

My name is NATHAN BYERLY, I am a citizen of state of USUI, presently
residing at United States District of IDAHO, State of Idaho, prisoner.

## C. DEFENDANT(S) AND CAUSE(S) OF ACTION - DEFENDANTS

1. I am suing the persons of WARDEN CHRISTENSEN of "(ICC)" Idaho Correctional Center at 14601 South Pleasant Valley Road Kuna Idaho in official capacity of Warden of local governmental entity titled as "Idaho Correctional Center".

2. I am suing the persons of DIRECTOR HENRY ATENCIO of "(IDOC)" Idaho Department of Correction at 1299 N. Orchard Street Boise Idaho in official capacity of Director of local government entity titled as "Idaho Department of Correction".

3. I am suing Idaho Board of Correction "(Board)" as PRINCIPAL local governmental entity over Defendant "IDOC" and "ICC".

PRISONER COMPLAINT - p.1 -

N. BYERLY
80598 (MSI)
13400 Pleasant Valley Rd.
Kuna Idaho 83634
Plaintiff pro se

C. DEFENDANT(S) AND CAUSE(S) OF ACTION — <u>CAUSES OF ACTION</u>

5. Defendants deliberate indifference to facility and prisoner needs in conduct of a program of Integration and Expansion at "(ICC)" facility created danger, and the danger is present today.

6. Danger Creation by Defendants at "ICC" facility, coupled with expressed deliberate indifference to Plaintiff petitions, resulted in injury and harm to Plaintiff thereby, and is cause for this Prisoner Complaint.

7. Under the Danger Creation exception the Defendants may not be found Immune from Suit whereby Plaintiff shows cause that an actual injury to his person and property arose from the creation of danger by Defendants and with regard to person of convict and "ICC".

8. Plaintiff asserts the injury to his persons and property is the result of a widespread and or persistent policy or custom of deliberate indifference to the HUMAN RIGHTS and Constitutional Civil protections due to his persons as a United States Citizen in District of IDAHO, who is being held prisoner by State of IDAHO while he is challenging the lawfulness of State of Idaho imprisonment;
And, that the Violations asserted extend beyond his Individual persons and are statutorily and constitutionally applicable to an entire Class of Persons Including as "Convicts" in IDAHO with regard to the conditions and dangers created by Defendants at "ICC" facility.

D. DEFENDANT(S) AND CAUSE(S) OF ACTION — <u>COMPLAINT</u>

A. DEFENDANT as PRINCIPAL Defendant is STATE OF IDAHO, the remaining listed DEFENDANT(S) are Co-Defendants of the PRINCIPAL Defendant STATE OF IDAHO.

PRISONER COMPLAINT - 2

N. BYERLY
80548 (MS)
13400 Pleasant Valley Rd.
Kuna, Idaho 83634
Plaintiff pro se

D. DEFENDANT(S) AND CAUSE(S) OF ACTION — DEFENDANT PRINCIPAL

A. i am suing STATE OF IDAHO as PRINCIPAL local governmental entity over Defendant Idaho Board of Correction.

D. DEFENDANT(S) AND CAUSE(S) OF ACTION — COMPLAINT

1. i am complaining that on or about November 28, 2018, Defendants did the following:

acted in such a manner that resulted in injury and harm to Plaintiff persons and property contrary to United States Constitution and Federal laws — Rules — Treaties;

while assigned housing at the "(ICC)" Idaho Correctional Center, as a prisoner of State of Idaho engaged in active court claims challenging the custody as unlawful, officers employed by Defendants at the facility did engage in conduct of menace toward plaintiff, resulting in oppressive or inhumane treatment and unnecessary assaults by officers contrary to law and right.

That Defendants knew or had reason to know that their facility was being unreasonably overcrowded and underresourced effectuating affirmative conduct of danger creation that directly acted and contributed negligence by placing Plaintiff person and property in jeopardy by assigning plaintiff housing at "(ICC)" facility against his will and manifest intent against such danger.

Plaintiff alleges Defendants executed an official policy or unofficial custom of deliberate indifference to the basic human rights and or rule of law at the "ICC" facility regarding the housing infrastructure of the facilities resulting in unsafe situation:

Namely that Defendants knowingly added hundreds of prisoner beds to a previously established structural concept by converting a commercial commissary warehouse into barracks and adding on outer walls to the core structure to create hundreds of beds new close custody unit, while the core structure infrastructure resources were not properly nor adequately developed complimentary to the housing infrastructure development, and that said acts resulted in overcrowding the "(ICC)" facility beyond reasonable capacity!

PRISONER COMPLAINT — P. 3 —

N. Byerly
80585 UMSI
13400 Pleasant Valley Rd
Kuna, Idaho 83634
Plaintiff pro se

D. DEFENDANT(S) AND CAUSE(S) OF ACTION – COMPLAINT

The "(ICC)" facility history was a creation for approximately 550 detainee-prisoners facility and contracted from Defendants to the Correction Corporation of America – "CCA".

Defendants has since taken control of the facility from "CCA" and expanded the prisoner-detainee housing nearly three times over to nearly 1000 – 1500 persons. The core infrastructure of services like medical, kitchen, education, chapel, recreation, legal, library, hobby, detention, and administration, have not been correspondingly expanded to serve the services of the nearly tripled prisoner population at the "ICC" facility.

Furthermore Defendants are piloting a project in State of Idaho that Plaintiff will name as an "Integrated Facility Concept" ("IFC"). Under IFC theory Defendants are creating an Integration Concept for Medium Custody management at the "ICC" facility.

The facility North Wing contains traditional medium custody cell housing and the West Wing contains traditional medium custody dorm housing. That is the extent of the historically created structure for the "ICC" facility with approximately 550 persons.

Defendants has added "G" Block, a sit-unit several hundred bed housing unit attached to North Wing per medium-close custody management only.

Defendants has also added the converted commissary warehouse, a several hundred bed dorm based unit for minimum-medium custody management.

The overall Integrated Facility intends to manage three different custody levels and over one thousand persons in a facility structure developed for not more than approximately five hundred fifty persons.

The result has been recent violent outbreaks and danger creation at the "ICC" facility in the conduct of integration and expansion.

PRISONER COMPLAINT – p. 4 –

H. BYERLY
80598 IMSI
13400 Pleasant Valley Rd,
Kuna Idaho 83634
Plaintiff pro se

## D. DEFENDANT(S) AND CAUSE(S) OF ACTION — COMPLAINT

These Defendant acts is important materially because they is the factual basis upon which the cause of action took place resulting in injury to Plaintiff.

Plaintiff refused to be housed at the "ICC" facility and was moved by force to it. He was then housed in Detention for refusing to comply with the move order. He was a close custody prisoner from Idaho Maximum Security Institution "IMSI".

Defendants had not create a separate medium-close custody detention unit in the "G" block close custody section of the "ICC" facility and were housing minimum-medium-close custody persons all together without distinctions in the Unit A Detention block at "ICC" facility.

"ICC" facility staff appeared to have no training in the securitization of the integrated concept being developed at their facility of employment. There was no available policy reduced to writing and no visible signs nor markings or features that would distinguish custody and handling procedures of persons.

Plaintiff had formerly been a medium custody inmate at "ISCI" Idaho State Correctional Institution from June 2016 through October 2017 with no disciplinary or staff related issues during that period.

It was common practice at medium custody to handle ones own property upon retrieval from staff possession.

On November 28, 2018, at "ICC" facility, Plaintiff was engaging the common practice of retrieving his property from a property cart in the presence of a security staff officer when the officer abruptly acted to menace Plaintiff conduct and seize-restrain his person without any apparent cause nor provocation.

Plaintiff was sufficiently menaced to apparent danger causing self defense response in a reasonable and lawful manner. However, the result was greater danger and response that resulted in unnecessary injury to Plaintiff and two correctional officers.

PRISONER COMPLAINT — p. 5

N. Byerly
80898 IMSI
13400 Pleasant Valley Rd.
Kuna Idaho 83634
Plaintiff pro se

D. DEFENDANT(S) AND CAUSE(S) OF ACTION - COMPLAINT

Defendants response to the incident was to have criminal allegations filed against Plaintiff in State of Idaho court at Fourth District Court of Ada County.

The incident occured in Canyon County, at Kuna Idaho, at 14601 South Pleasant Valley Road, Third Judicial District of Idaho jurisdiction. Defendants erroneously forwarded it to Ada County Court by their contacting Ada County sheriff.

Plaintiff demurred from Affirmative Defenses and Statement of Defense and Counterclaimed. Plaintiff has also moved for Summary Disposition.

The Ada County court has erroneously bound Plaintiff on an Amended Information to Ada County District Court. Plaintiff moved to transfer, dismiss and filed Petition for Habeas Corpus and Prisoner Complaint.

In accordance with Monell:

(i) Plaintiff suffered Constitutional violation of Amendment 1, 8, 14 Cl. 1, 4, and violations of Americans with Disabilities Act, Idaho Constitution and corresponding Federal Law-Rules-Treaties to Idaho statutes violated against Plaintiff that also rose to level of manifest Constitutional violations and equal protection of laws claims)

These are a matter of record claims in the filings associated with State of Idaho Fourth District Ada County Court criminal case No. CR01-19-05242, minutes, Habeas Corpus and Counterclaim and Prisoner Complaint therefrom, and correspondingly a US District Court District of Idaho Habeas Petition and Prisoner Complaint and Civil Action and equal protection Habeas case 1:19cv-00130

(ii) Defendants established policy or custom by their direct acts and or omissions in taking over "(ICC)" facility and subsequently expanding and overcrowding prisoner housing capacity while failing to correspondingly expand infrastructure and resources to adequately and effectively meet the increased needs of the expanded facility population, creating danger thereby;

PRISONER COMPLAINT - p. 6

N. Byerly
80598 MMSI
13400 Pleasant Valley Rd,
Kuna Idaho 83634
Plaintiff pro se

D. DEFENDANT(S) AND CAUSE(S) OF ACTION — COMPLAINT

(iii) Plaintiff expressed concerns to staff prior to being placed at "ICC" facility and was moved by force, it had been "planned;" Plaintiff appealed to the chaplain, medical provider, legal resource staff, unit staff, and warden of "ICC" for addressing concerns and issues encountered at the "ICC" facility and was denied or interferred with prior to the incident on November 28, 2018 that resulted in Plaintiff leaving that facility. The opportunities to address issues and concerns while Plaintiff was at that facility, and thereafter in appeals and motions and letters to Defendants, were unheeded, showing an unofficial policy or custom of disregard to prisoner needs and issues at "ICC" facility and by Defendants.

(iv) Defendants continued in attempting wrongful prosecution against Plaintiff criminally in State of Idaho court, imposed severest of sanctions and restrictions allowed by policy against prisoners, allowed Plaintiff to be beaten and assaulted and oppressed by staff employs, and that said acts conjoined by the conditions and circumstances created by defendants to act to cause the danger and resulting injury from that creation amounted to deliberate indifference of Plaintiff's constitutional rights and the law.

(v) It is and was the policy or custom of defendants with regard to the "ICC" facility and prisoner rights and needs that was the moving force behind the constitutional violations and that resulted in the injury and harm to Plaintiff and charges against him.

(vi) The "ICC" Warden Christensen was an official with final policy making authority unless checked by the Director of IDOC or Board of Correction, and after Plaintiff addressed the unconstitutional conditions to Unit Staff who did nothing the warden effectively

PRISONER COMPLAINT — p. 7

Ni BYERLY
60598 IMSI
13400 Pleasant Valley Rd.
Kuna Idaho 83634
Plaintiff pro se

## D. DEFENDANT(S) AND CAUSE(S) OF ACTION - COMPLAINT

(vi) ratified subordinate's unconstitutional decisions and actions or omissions that directly affected the outcome of the situation by inaction or deliberate indifference; Defendants did no redress when the opportunity to address issues had been appropriately addressed and petitioned by official procedures from Plaintiff through Defendants policy-making hetrarchy.

(vii) Defendants custom was so persistent and widespread that it had settled in a well founded misconduct of the entire "ICC" facility under Defendants direct authority and responsibility. The integrated concept and expansion of prisoner housing and increase in unrest and practices of disregard has continued since the State of Idaho takeover of the "ICC" facility and its instituted methods of carrying out its practices there over a period of recent years.

Plaintiff therefore asserts that the underlying cause of the incident that occured at "ICC" facility on November 28, 2018; resulting as unnecessary assault by officers and arrest retalnt unreasonable search seizure and cruel and unusual punishments against Plaintiff person and property, is proximately a misfortune and accident resulting from Defendants creation of danger by known defficiencies at the "ICC" facility.

Further, that said indifference to danger creation was widespread and persistent in conduct of facility integration and expansion, driven by Defendants, and had adequate facility resource and training and infrastructure services been in place and mandated by clear policy and procedure then the likelyhood of different outcome than the incident and injuries would be possible.

PRISONER COMPLAINT - p. 8 -

N. BYERLY
80598 WSI
13400 Pleasant Valley Rd.
Kuna Idaho 83634
Plaintiff pro se

D. DEFENDANT(S) AND CAUSE(S) OF ACTION - LAW-INJURY-RELIEF

3. I allege that the acts described above violated the following provisions of the Constitution, Federal Statutes, or state laws:

UNITED NATIONS DECLARATION OF HUMAN RIGHTS
United States Constitution Amendment 8, 1, 4, 5, 6, 14 cl.1; Federal Laws-Rules-Treaties, and Supplemental jurisdiction over state law claims as violate of: Idaho Constitution and Idaho Code §§ 18-704 Inhuman Treatment of Prisoners, 18-703 Illegal Arrests and Seizures, 18-706 Unnecessary Assaults By officers, 18-313, 314 Protection of Person of convict and Property, 18-208(4) statutory immunity for threats or menace, 18-2604 Witness Intimidation, 19-608 Information To Person Arrested, 18-7301 Freedom from Discrimination constitutes a Civil Right; and Title 19 Ch. 42 Institutional Litigation Procedures Act

4. I allege that I suffered the following injury or damages as a result:
Plaintiff was unreasonable search-seizure-arrest and assaulted and beaten and oppressed, causing physical injury to his person requiring medical treatments by Corizon Healthcare. Plaintiff property was seized and items were lost, missing, and broken, and restrictions preventing access to property were imposed as punishments. Plaintiffs clothing, religious items, medical braces, were cut off of his person and he was placed into a cell with no clothing nor bedding nor sanitary items and restricted from access to water and sanitation for a period of days. Plaintiff was subjected to unclothed body and body cavity searches. Plaintiff was placed into restrictive housing. Plaintiff was charged with criminal public offenses in Idaho court. Plaintiff missed court deadlines and had cases dismissed or not fully able to be realized and timely filed because of property and legal materials strictures. Plaintiff is being required to litigate at personal expense as a result.

5. I seek the following relief:
(a) Defendants shall dismiss criminal allegations in State of Idaho court or subject to any settlement agreement during this process shall upon motion and notice of Plaintiff cause any conviction to be subject to be lawfully overturned and Plaintiff recquitted charges rescission and Plaintiff recoupment by Dismissal and Rescind exponge the state criminal case and convictions.

PRISONER COMPLAINT — P. 9

N. BYERLY
80598 WMSI
13400 Pleasant Valley Rd.
Kuna Idaho 83634
Plaintiff pro se

D. DEFENDANT(S) AND CAUSE(S) OF ACTION - RELIEF

5. I seek the following relief:

(b) STATE OF IDAHO Defendant (PRINCIPAL) shall be required to create and fund and Idaho Board of Correction - IDOC Facility Integration and Expansion Commission or Committee, with an Federal Special Handler, under ADR; to Facilitate an "Integration Concept Management Master Plan", to include the required "ICC" facility infrastructure development and implementation strategy to correct deficiencies.

(c) Idaho Board of Correction under PRINCIPAL direction and funding shall be required to create and fund under Federal Supplemental Jurisdiction in: Idaho Department of Correction - Division of Prisons - Central Office - Standards and Training Office;
that shall fund an allocation for a minimum of one full-time sergeant rank position to staff and supervise "Inter-facility coordination" of Standards and training for the south Idaho Prison Complex facilities and Central Office.

(d) Fines levied under the supplemental jurisdiction Idaho Code statutes laws against Defendants shall be directed applied to this relief and the performance of verifiable reportable satisfaction shall be mandatory to satisfy case judgment to Plaintiff.

The Defendant created Standards and Training office facility coordinator position shall be the responsible supervisory policy authority and shall review South Idaho Prison Complex facility processes and policy and assistance in the Integration Concept policy creation for "ICC" facility.

The Defendants Facility Integration Committee shall create and designate a standards and training outline for Joint Federal Housing Unit(s) located in State of IDAHO Facilities. A training and standards officer must be able to utilize the outline to train and standardize staff assigned to any IDAHO housing unit where State-Federal custody and jurisdiction detainee-inmates are being housed in State of Idaho - Division of Prisons facilities. Plaintiff has identified himself as such a convict subsequent to IDAHO extradition of Plaintiff to Idaho Territory when Plaintiff surrendered to United States in 2016 for first appearance at State of Idaho.

PRISONER COMPLAINT - p. 10

N. BYERLY
80598 IMSI
13400 Pleasant Valley Rd.
Kuna Idaho 83634
Plaintiff pro se

D. DEFENDANT(S) AND CAUSE(S) OF ACTION

6. I am suing Defendants in their official capacities, and certain Defendant(s) is an entity:
   (i) STATE OF IDAHO
   (ii) Idaho Board of Correction
   (iii) Idaho Department of Correction
   (iv) Idaho Correctional Center - "ICC"

7. For this claim I exhausted the grievance system within the jail or prison in which I am incarcerated. Exhaustion included herewith.

@TRU information-technology@
Organization, trurit. org, info

D. PREVIOUS OR PENDING LAWSUITS

| Court | Case No. | | Status of Case | Strike? |
|---|---|---|---|---|
| Idaho Ada County | CR01-19-05242 | IDAHO V. BYERLY | pending | No |
| US District Idaho | 1:19cv-00130 | BYERLY V. IDAHO | pending | No |
| US District Idaho | 1:17cv-00454 | BYERLY V. IDAHO | stay'd | No |

F. DECLARATION.

I Declare by AFFIRMATION, that I am the PLAINTIFF in this action, that I have read the Complaint, and the Information is true correct, (see 28 U.S.C. §1746; 18 U.S.C. §1621)
and that I deposited this complaint postage prepaid in a United States postal depository unit on, DATE  06 June 2019 (to D. SHEDD, IMSI)   .

DATED this 03 June 2019,   N. BYERLY   X80598   . @iverify (ACKN)
                            PRINT      Signature           iverify, soc, exe

UNITED NATIONS         Nathan Byerly APPEARED before me this
UNITED STATES          ____ day of _June_ 2019, for VERIFICATION
DISTRICT OF IDAHO      by _____
   State of IDAHO         Notary Public for Idaho
   County of Canyon
@eTRU eTRU, LLC@ #ACKN                              11/06/19
@2019 E-Verification™                          commission expires
E-Verity Application C...         eTRU™ @iVerfy™  TRUit™ #TRUit (AKNO)
VeRity™ App.                      @Enet   enet.dev, net, ...
VERITY, LLC @Verity   eVerification .biz, buz, org, net, info, soc, dot, cal, xyz, new, ien
@Verity.exe, com, biz, net, app, new, dev, pro, org, sat, city, con, lan, chl, av, icll, ops, boz
PRISONER COMPLAINT - p.11

@Roctar inc.@ (All Rights Reserved) @2019 (Everity)™
InBusiness™ eVerity™ inc.@ (eTRU)
@verity.everity.com

WAYNE SHEDD NOTARY PUBLIC STATE OF IDAHO Comm. No. 24891

N. BYERLY
80598 IMSI
13400 Pleasant Valley Rd.
Kuna, Idaho 83634
    Plaintiff Pro Se

# EXHAUSTION DOCUMENTATION

(a) ~~PROPERTY — four pages~~ * (REMOVED US Dist. Ct. ID. No. 342)
   (i) IDOC — Inmate Concern Form, Dated 14 November 2018    1 pg.
   (ii) IDOC — Offender Property Inventory, 10-3-17 (ISCI)    1 pg.
   (iii) STATE/Personal Property Description Continuation Sheet, 9/18/18    1 pg.
   (iv) STATE/Personal Property Description Continuation Sheet, 11 Jan 18    1 pg.

(b) FACILITY — ICC — one page
   IDOC — Offender Concern Form, Dated 26 November 2018,
   RECEIVED ISCC WARDEN, Christensen office    1 pg.

(c) ACCESS TO COURTS — Six Pages
   (i) IDOC — Grievance Form, No. IC 180001451, 11/26/18 - 12/07/18    2 pgs.
   * (ii) ~~IDOC — Offender Concern Form, Dated 11/15/2018, two,~~    1 pg.
   * (iii) ~~IDOC — Inmate Concern Form, Dated 25 November 2018,~~
   ~~IDOC — Offender Concern Form, Dated 12 December 2018,~~    1 pg.
   (iv) JUDGMENT, Case No. CV14-19-00854, State of Idaho
   Third District Court, Canyon County    4 pgs.

(d) RELIGIOUS ITEMS — CHAPEL — one page
   IDOC — Offender Concern Form, Dated 10 November 2018
   and 11/22/2018,    1 pg.

(e) MEDICAL SERVICES — five pages
   * (i) ~~CORIZON Health — Medical Information Update/Response,~~
   ~~10-26-18 (AceWraps memo to 5-22-19)~~    1 pg.
   (ii) IDOC — Offender Concern Form, Dated 19 Nov 18, Corizon, and
   IDOC — Health Services Request, HSR #1175343, 17 November 18    1 pg.
   (iii) CORIZON Health — Medical Information Update/Response, 11-16-18    1 pg.
   * (iv) ~~CORIZON Health — Medical Information Update/Response, 11-23-18~~    1 pg.
   (v) IDOC — Offender Concern Form, Dated 06 December 2018, Corizon, and
   IDOC — Inmate Concern Form, Dated 18 December 2018, Corizon    1 pg.

          TOTAL = ~~SEVENTEEN~~ PAGES
                           8

PRISONER COMPLAINT — EXHAUSTION

N. BYERLY
80598 IMSI
13400 Pleasant Valley Rd.
Kuna Idaho 83634
Defendant Pro Se

---

ATTACHMENT A

**IDOC Offender Concern Form**

Offender Name: BYERLY N.    IDOC Number: 80598
Institution, Housing Unit, & Cell: ISCC    Date: 28 November 2018

RECEIVED NOV 26 2018 ISCC WARDEN

To: ISCC Warden Christensen ISCC A5
(Address to appropriate staff. Person most directly responsible for this issue or concern.)

Issue/Concern: I have been held a month in ISCC A5 Sgt. Borg and the Lieutenant and me administrator and nothing has been done on 1st issue yet! 1) not receiving a winter blanket - 3rd - no sleep system blanket and I have no trans/it no bedroll
2) no shoes - we are being made to shower (go to recreation) and we are about in a shower shoes
3) no winter cap - Beanies - we are not being allowed or issued this standard item I am in a freezing cold cell and others sick and I have no being denied?
(Description of the issue must be written only on the lines provided above.)

Offender signature: [signature] 80598

---

**Staff Section**

Staff signature: [signature]    Associate ID #: B297
(Staff member acknowledging receipt)

Reply: I will forward to Unit sgt. for response
— you are no longer @ ISCC
Borg

Responding staff signature    Associate ID #    Date
[signature] Borg    0213    12/10/18

Distribution: Pink part returned to offender after receiving staff's signature. Original (white) and yellow forwarded to appropriate responding staff.
BoxIt App.® Appropriate responding staff will complete reply field and return yellow part to offender.

IDOC-ICF-3/07

---

N. BYERLY
80598 IMSI

ANSWER SUPPORT AFFIDAVIT - ATTACHMENT A

# Idaho Department of Correction
## Grievance Form



*IMSI*
*79*

| | | | |
|---|---|---|---|
| Offender Name: | BYERLY, NATHAN BENJAMIN | Location: | ICC |
| Offender Number: | 80598 | Number: | IC 180001451 |
| | | Category: | ACCESS TO COURTS |

### Offender Grievance Information

Date Received:   11/20/2018

**The problem is:**

I submitted access to courts form 11/9/18 for notary and copies and mailing of deadline filing of first amended complaint in UA district court of Idaho Case No. 1118cv-00309 along with objections and motion to certify Questions of law on deadline 11/16/18 and the officer Cupps Breyana Solis returned the documents without notary nor copies saying not a qualified access.

**I have tried to solve this problem informally by:**

I explained the case is already filed by access to courts and I have court order to amend and on deadline 11/16/18 and 12/6/18 to meet, I sent concern form.

**I suggest the following solution for the problem:**

The issue is not resolved and as indigent filant the prison legal resource center is required to conduct the notary and copies and mailing on this pending case, and within the court established scheduling.

### Level 1 - Initial Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 11/20/2018 | Date Returned: | 11/21/2018 |
| Date Due Back: | 12/04/2018 | Level 1 Responder: | CUPP, BREYANNA |

The response from the staff member or person in charge of the area/operation being grieved:

Offender Byerly was not denied a notary or mailing but was denied copies due to the First Amended complaint not being a qualified access to courts claim. Please see policy 405.02.01.001 for list of qualified claims.

### Level 2 - Reviewing Authority Response

| | | | |
|---|---|---|---|
| Date Forwarded: | 11/21/2018 | Grievance Disposition: | DENIED |
| Date Due Back: | 12/07/2018 | Level 2 Responder: | MCKAY, TIMOTHY |
| Date Returned: | 11/29/2018 | Response sent to offender: | 11/29/2018 |

Your grievance has been reviewed and I find:

Based on the information you provided, your grievance is denied at this time and the level 1 response adequately explains why.

---

Date: 11/29/2018 15:24    Created By:  emmorris    Page  1  of  2

CIS/Facilities/Main/Misc/Grievance Detail

*Access To Courts*

### Offender Appeal

Offender Comments:

c/o Cupp Breyana Solis is falsifying public records, Motary services were denied and not completed, mailing was not performed, envelopes were not provided a, and access to courts forms request not processed; concern forms on 23,24. and 25 November all are falsified responses by associate ID #1124 and my 1st amended complaint and appeal and time extension in case No 1:18cv-00213 DCN (still pending) notice of appeal and objectives in case No. cv01-18-10455 (still pending) 1st amended complaint and appeal and time extension in case no 1:18cv-00309 box(still pending), my & statement in 9thcircut appeal (still pending); Tucker v. state letter to ACLU(still pending), the legal resource center never even came and picked these documents up from my cell and is false claiming they performed the c/o Cupp only came to cell once in November and dropped off books and paper then walked away and never 7-8 November , open lies are not and " adequate response " my grievance needs addressed.

### Level 3 - Appellate Authority Response

| | | | |
|---|---|---|---|
| Date Appealed: | 12/07/2018 | Grievance Disposition: | DENIED |
| Date Forwarded: | 12/07/2018 | Level 3 Responder: | CHRISTENSEN, JAY |
| Date Due Back: | 12/23/2018 | Response sent to offender: | 12/07/2018 |
| Date Returned: | 12/07/2018 | | |

Your appeal has been reviewed and I find:

405.02.01.001 provides a list of qualified claims. You can review that policy to determine what is required of the resource center to provide to you.

Access To Courts

Filed: 02/13/2019 08:03:53
Third Judicial District, Canyon County
Chris Yamamoto, Clerk of the Court
By: Deputy Clerk - Penrose, Brendan

IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF CANYON

| | |
|---|---|
| NATHAN BYERLY, | )<br>) |
| Petitioner, | ) CASE NO. CV14-19-00854 |
| -vs- | ) JUDGMENT |
| IDAHO BOARD OF<br>CORRECTION, | ) |
| Defendant. | ) |

JUDGMENT IS ENTERED AS FOLLOWS:

Pursuant to the Order Dismissing Petition for Writ of Habeas Corpus entered in this matter, Petitioner Byerly's Petition for Writ of Habeas Corpus is dismissed with prejudice.

DATED: Signed: 2/5/2019 12:10 PM

Thomas W. Whitney
District Judge

JUDGMENT                                                                                                          1

N. BYERLY
80598 IMSI
13400 Pleasant Valley Rd.
Kuna Idaho 83634
Plaintiff-Petitioner Pro Se

# IDAHO DEPARTMENT OF CORRECTION
## Offender Concern Form

Offender Name: BYERLY N.    IDOC Number: 80598
Institution, Housing Unit, & Cell: ISCC, A-5    Date: 10 November 2018
To: ISCC Chapel - Chaplain/VRC
(Address to appropriate staff: Person most directly responsible for this issue or concern)

Issue/Concern: i just arrive ISCC from IMSI i need an Abdullah Yusuf Ali Koran, a Kufi (prayer hat), and an islamic finder monthly calender and prayer times from islamicfinder.com for November and December

(Description of the issue must be written only on the lines provided above.)

Offender signature: X80598

### Staff Section

(Signature of Staff Member Acknowledging Receipt) / Associate ID # A711
Collected/Received: 11/10/18

Reply: We don't have a KUFI but we will notify the Volunteer kite back in a couple of weeks.

Responding Staff Signature: _____ VRC   Associate ID #: C085   Date: 11/14/18

---

# IDAHO DEPARTMENT OF CORRECTION
## Offender Concern Form

Offender Name: BYERLY N.    IDOC Number: 80598
Institution, Housing Unit, & Cell: ISCC A5    Date: 11/22/2018
To: ISCC Chapel - Chaplain/VRC
(Address to appropriate staff: Person most directly responsible for this issue or concern)

Issue/Concern: i need one Kufi, i was asked to write you back in two weeks for time to coordinate with volunteers. Its been over two weeks, am writing back to request the Kufi please.

(Description of the issue must be written only on the lines provided above.)

Offender signature: X80598

### Staff Section

Quin, A144
Collected/Received: 11-22-18

Reply: Still have not recieved any donations.

Responding Staff Signature: _____   Associate ID #: _____   Date: 10-1-18

EXHAUSTION - CHAPEL - RELIGIOUS ITEMS

N. BYERLY
80598 IMSI
Buna Idaho 83634  Plaintiff-Petitioner Pro se

Case 1:19-cv-00228-BLW  Document 1  Filed 06/11/19  Page 18 of 20

20 NOV 2018 07:28

# IDAHO DEPARTMENT OF CORRECTION
## Offender Concern Form

(59)

Offender Name: BYERLY N.  IDOC Number: 80598
Institution, Housing Unit, & Cell: ISCC  A5  Date: 19 Nov 18
To: Corizon Healthcare - PA Matt Valley
(Address to appropriate staff: Person most directly responsible for this issue or concern)

Issue/Concern: I saw you in April- June 2018 at IMSI to get the order for my Knee Brace placed into medical memo. Now I have been moved to ISCC and medical staff say that there is no medical memo for a knee brace. My appointment with you was a follow-up from Doctor Abby to get the knee brace and memo in my file. Can you please send ISCC medical the info on my authorized knee brace

(Description of the issue must be written only on the lines provided above.)

Offender signature: X 80598

### Staff Section

(Signature of Staff Member Acknowledging Receipt) / Associate ID #   1871
Collected/Received: 11-17-18
(Date collected or received)

Reply: Please follow up with IMSI staff

Responding Staff Signature: _____  Associate ID #: 0302  Date: 11-30-18

1175343

# IDAHO DEPARTMENT OF CORRECTION
## HEALTH SERVICES REQUEST

Medical Knee Brace delivery

### Administrative Use Only

☐ Inmate Initiated Visit   ☐ Medical Issue   ☐ Mental Health Issue

Patient Name: BYERLY N.  Initials: NB  Inmate ID: 80598
Date of Birth: 1974  Housing Location: ISCC  A5

I consent to be treated by health staff for the condition described below.

Inmate Signature: X 80598  Date: 17 November 2018
Nature of Complaint/Problem: A Knee Brace was ordered for me - size Large - and I was supposed to get it then got moved to ISCC on 11/2/18 and i still haven't received it

EXHAUSTION - MEDICAL (CORIZON)

Med 4



## MEDICAL INFORMATION UPDATE/RESPONSE

| | |
|---|---|
| INMATE NAME: Madigan Byerly | IDOC#: 80596 |
| HU: A001 5A   DATE: 11-15-18 | |

This is an update/report regarding your healthcare:

| | |
|---|---|
| | You are scheduled to see the  ☐ NP/PA          ☐ PHYSICIAN<br>☐ DIRECTOR OF NURSING<br>☐ HS ADMINISTRATOR    ☐ SPECIALIST |
| | You missed your appointment for HSR #_____ on _____<br>☐ SUBMIT A NEW HEALTH SERVICE REQUEST<br>☐ YOU ARE RESCHEDULED. Please watch the callout |
| | Medications have arrived for you.  Pick them up during KOP pick up. |
| | You have medications that are due for a refill/renewal please submit request for a refill/renewal, if needed. |
| | You are scheduled for    ☐ LAB TESTS    ☐ X-RAYS    ☐ MINOR SURGERY<br>☐ OUTPATIENT CLINIC   ☐ DENTAL   ☐ OPTOMETRY    ☐ CHRONIC DISEASE<br>☐ OTHER _____   Please watch the callout. |
| | You have been assigned a lower bunk beginning _____. |
| | You have been placed on a medical hold to ensure continuity of care. |
| | You have been assigned an ice memo beginning _____ ending _____. |
| | Your request has been forwarded to the mental health staff. |
| | You will receive your meals in your housing unit beginning _____ ending _____. |
| | Your Lab results show no significant abnormalities. |
| | Your X-ray results show no significant abnormalities. |
| X | Notes: You will be scheduled with a provider in 1-14 days for visit assessment (medical treatment) so burn care in _____ |

Staff Signature _____  Date 11-15-18

NA3994ID
Issued 7/2017

© 2017 Corizon Health, Inc.

N. BYERLY
80598 IMSI 13400 Pleasant Valley Rd,
Kuna Idaho 83634   Plaintiff - Petitioner Pro Se

# IDAHO DEPARTMENT OF CORRECTION
## Offender Concern Form

Rec'd 12-11-18    79

Offender Name: BYERLY, N.   IDOC Number: 80598
Institution, Housing Unit, & Cell: IMSI B3 79   Date: 10 December 2018
To: Corizon Healthcare Inc. - Provider Mattingly

Issue/Concern: In July I was issued a knee brace from the doctor based upon my military records of injury and disability, and I was issued ace wraps and wrist brace for wrist sprains from IDOC use of force injury. Today you removed the medical memo and denied me these medical items and said you want another ROI for the VA when it was just done in July and further my wrists were just re-injured 11/28/18 in another use of force. Why are you denying me adequate care and reversing the existing order?

Offender signature: X 80598

### Staff Section

(Signature of Staff Member Acknowledging Receipt) / Associate ID # [illegible] 288
Collected/Received: 12-10-18

Reply: I will replace his knee brace memo. His wrist brace is in progress.

Responding Staff Signature: [illegible]   Associate ID #: _____   Date: 12/12/18

---

# IDAHO DEPARTMENT OF CORRECTION
## Inmate Concern Form

Rec'd 12/2018    68   B-Block

Inmate Name: N BYERLY   IDOC Number: 80598
Institution, Housing Unit, & Cell: IMSI B3 79   Date: 19 December 2018
To: Corizon Healthcare Inc. - Cody Mattingly

Issue/Concern: I was told my oxcodrine [oxcarbazepine] prescription was being renewed, but I have not received it and it has been over fourteen days. When I ask staff for an oxcodrine PRN I don't get anything. I have been on this for three years KOP without problems until November. I just had another bad headache. What is going on with this medication prescription?

Inmate signature: X 80598

### Staff Section

(Signature of Staff Member Acknowledging Receipt) / Associate ID #
Collected/Received: 12-19-18

Reply: It has been changed to KOP

Responding Staff Signature: [illegible]   Associate ID #: B170   Date: 12/20/18

EXHAUSTION - MEDICAL (CORIZON)